STATE v. BUCK.

STATE v. CRUSO BUCK.

(Filed 31 March, 1926.)

**1. Evidence—Discretion of Court—Leading Questions.**

The allowance of leading questions is within the sound discretion of the trial judge, and not reviewable on appeal.

**2. Intoxicating Liquor—Spirituous Liquor—Evidence—Smell.**

Evidence that empty cans or containers had the smell of whiskey is competent against the defendant on trial for the violation of our prohibition law, with other relevant evidence.

**3. Same—Corroboration—Instructions—Appeal and Error.**

The admission of corroborative evidence is not error when properly confined to that purpose by the trial judge.

APPEAL by defendant from *Calvert, J.,* at December Term, 1925, of GATES. No error.

Indictment charging violations of the prohibition statute. Verdict guilty. From judgment, defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Bridger & Eley for defendant.*

PER CURIAM. Assignments of error, based upon exceptions to the overruling by the court of objections to question, on the ground that same was leading, and of objections to testimony on the ground that same was in violation of the "hearsay" rule, cannot be sustained.

Whether counsel shall be permitted to ask a leading question, is within the discretion of the trial judge. The exercise of such discretion will not be reviewed on appeal. *Crenshaw v. Johnson,* 120 N. C., 270; *Bank v. Carr,* 130 N. C., 481; *S. v. Cobb,* 164 N. C., 419; *Howell v. Solomon,* 167 N. C., 588.

The testimony objected to was offered and admitted for the purpose of corroboration. His Honor was careful to so instruct the jury. *Burnett v. Railroad,* 120 N. C., 517; *Belk v. Belk,* 175 N. C., 69. The testimony of witness that he smelled the liquor in the can, and that it had the odor of whiskey was competent. *S. v. Sigmon,* 190 N. C., 684. There is

No error.