STATE v. MILTON FIELDS.

(Filed 15 June, 1931.)

1. **Intoxicating Liquor A c—Testimony that liquor in defendant's possession was intoxicating held sufficient to be submitted to jury in this case.**

    It may be shown in evidence as a fact that other beverages than those defined by our statute, N. C. Code, 1927, sec. 3411(a) as intoxicating and prohibited are intoxicating in fact and come within the intent and meaning of the statute, and while courts will not take judicial notice that home brew is intoxicating, where officers experienced in such matters testify that the liquor in question was home brew, and the defendant admits it to have been root beer, and the officers testify that from its smell and appearance when it was seized by them that the beverage was intoxicating, it is sufficient to take the case to the jury on this question under proper instructions from the court and to resist defendant's motion as of nonsuit. C. S., 4643.

2. **Criminal Law G i—Testimony that liquor, from its appearances and smell, was intoxicating, held competent under facts of this case.**

    Where it is shown that witnesses have sufficient knowledge and experience to enable them to form an opinion as to whether liquor found in

the possession of the defendant or manufactured by him was intoxicating, their testimony that from its odor and looks upon examination, the liquor was intoxicating, their testimony is competent without further qualification as experts.

BROGDEN, J., dissents.

APPEAL by defendant from *Cranmer, J.,* at March Term, 1931, of VANCE. No error.

This is a criminal action tried on a warrant issued by the recorder of Vance County on the affidavit of a deputy sheriff of said county, charging that "at and in said county, on or about 30 January, 1931, Milton Fields did unlawfully and wilfully have in his possession intoxicating liquors and ingredients for making and manufacturing intoxicating liquors contrary to the statute in such case made and provided and against the peace and dignity of the State."

On the evidence submitted to the jury, under the charge of the court, there was a verdict that defendant is guilty.

From judgment that defendant be confined in the county jail of Vance County for six months, with leave to work on the roads of said county or of any other county in the State, defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*T. P. Gholson and A. W. Gholson, Jr., for defendant.*

CONNOR, J. At the trial of this action in the Superior Court of Vance County, the State relied on the testimony of G. H. Tucker, and of J. L. Case, deputy sheriffs of Vance County, as evidence for the conviction of the defendant. Their testimony tended to show that on the night of 30 January, 1931, they went to the home of the defendant, Milton Fields, on the Oxford road in Vance County, with a search and seizure warrant which they had procured from a justice of the peace of said county. As authorized by this warrant, the officers searched the house in which defendant lives, and found in said house two six-gallon containers. In each of these containers, there was about five gallons of a liquor, which both officers testified was, in their opinion, home brew. Each officer smelled the liquor, and testified over the objection of the defendant, that in his opinion the liquor was intoxicating. They did not taste the liquor, but after smelling it, poured it out of the containers on the ground. None of the liquor was analyzed; none of it was offered in evidence at the trial. Each officer testified that he did not know whether or not the liquor which they found in defendant's house contained one-half of one per cent or more of alcohol. Both were of the

STATE v. FIELDS.

opinion, based upon its appearance and odor, that the liquor did contain more than one-half of one per cent of alcohol.

The officers also found in defendant's house from one hundred and fifty to two hundred empty bottles, with a large number of bottle caps. One of the officers testified that he found in a bag in defendant's house a substance which he thought was malt. None of this substance was offered in evidence at the trial.

The defendant was not at his home when the officers went there, entered his house and made the search. He returned after they had completed the search.

Each of the witnesses for the State was an officer of experience. Both had previously made searches for and seizures of intoxicating liquors in the performance of their official duties. Both testified that they thought that the liquor which they found in defendant's house was intoxicating and that it contained more than one-half of one per cent of alcohol by volume. Each testified that this opinion was based upon the appearance and odor of the liquor.

The defendant, Milton Fields, as a witness in his own behalf, testified that the liquor in the two containers found by the officers in his house, was root beer, which he had made for his own use, and that the substance found by one of the officers in his house was not malt, but was a preparation which he used in making root beer. He denied that the liquor was intoxicating. He testified that he had lived in the city of Henderson for the past twenty years.

Both the chief of police of the city of Henderson and the sheriff of Vance County testified that they had heard recently that defendant, Milton Fields, was "mixed up with whiskey." Neither of them had heard anything against the defendant until recently. The defendant offered no evidence as to his general character.

The defendant contends on his appeal to this Court that there was error in the refusal of the trial court to allow his motion, made at the conclusion of all the evidence, that the action be dismissed, and for judgment of nonsuit. C. S., 4643. This contention is properly presented to this Court by defendant's assignment of error based on his exception duly taken at the trial of the action to the refusal of his motion. The only question involved in the contention is whether or not there was evidence at the trial of the action of sufficient probative force for submission to the jury, tending to show that the liquor found by the officers in defendant's possession, and manufactured by him, was intoxicating. If the liquor was intoxicating, there was evidence tending to show that its possession by the defendant, although in his home, was unlawful. *S. v. Hammond,* 188 N. C., 602, 125 S. E., 402. In that case it was held that the possession of a large quantity of whiskey by the defendant in her home raised a prima facie case of her guilt, and

that her motion for judgment of nonsuit was properly denied.    See
*S. v. Dowell,* 195 N. C., 523, 143 S. E., 133.

In the instant case there was evidence tending to show that the liquor
found by the officers in defendant's possession was home brew.    There
was no evidence tending to show that home brew is a spirituous, vinous,
malt or fermented liquor.    The statutory definition of the word "liquor"
or of the phrase "intoxicating liquor," as used in the prohibition statutes
of this State, does not include home brew.    The statute, which in that
respect is identical with the Volstead Act, provides that the word
"liquor," or the phrase "intoxicating liquor," when used in the statutes
of this State prohibiting the manufacture, possession or sale of intoxi-
cating liquor, shall be construed to include alcohol, brandy, whiskey,
rum, gin, beer, ale, porter and wine, and in addition thereto any spirit-
uous, vinous, malt or fermented liquors, liquids, and compounds,
whether medicated, proprietary, patented or not, and by whatever name
called, containing one-half of one per centum or more of alcohol by
volume, which are fit for use for beverage purposes.    Section 1, chapter 1,
Public Laws 1923, N. C. Code, 1927, sec. 3411(a).

A liquor, although fit for use for beverage purposes, known and de-
scribed as home brew, is not intoxicating within the meaning of our
prohibition statutes, unless it be a spirituous, vinous, malt or fermented
liquor, containing one-half of one per cent or more of alcohol by
volume.    Although such liquor is not intoxicating within the statutory
definition, it may nevertheless be intoxicating in fact.    The statutory
definition is not exclusive.    It is, therefore, unlawful in this State to
manufacture, possess or sell any liquor which is intoxicating within
the statutory definition, or which is intoxicating in fact.    Where there
is no evidence at the trial of a defendant charged with manufacturing,
possessing or selling intoxicating liquor contrary to the statutes of this
State, tending to show that the liquor was intoxicating within the statu-
tory definition, it is incumbent on the State to offer evidence tending to
show that the liquor which the defendant manufactured, possessed or
sold was in fact intoxicating.    In the absence of such evidence, the
action should be dismissed upon motion of the defendant duly made in
accordance with the provisions of the statute.    C. S., 4643.

It has been said that without regard to statutory definition, "the
courts will take judicial notice that whiskey, brandy, gin, rum, porter,
and strong beer are intoxicating liquors.    According to some of the au-
thorities, it will also be judicially noticed that all wine, alcohol, lager
beer, and Jamaica ginger are intoxicating liquors; but there are also
cases holding to the contrary as to all wine, alcohol, lager beer and
Jamaica ginger.    As to whether the courts will take judicial notice that
the term beer, used without restriction or qualification, denotes intoxi-
cating liquor, there is likewise a conflict of authority.    Some of the

cases holding in the affirmative, and some in the negative. As to other varieties of beer, or ordinary malt beer disguised under other names, their character as intoxicating or the reverse is a matter of evidence. Where a liquor is designated simply as cider, the fact that it is intoxicating must be established by evidence; but it is otherwise as to hard cider. A 'Manhattan cocktail' is generally and popularly known to be intoxicating, and hence no proof of its intoxicating character is necessary. Judicial notice may be taken of the fact that it is alcohol in a liquor that renders it intoxicating, that wine contains alcohol in varying quantities, and that whiskey, properly so called, contains many times one-half of one per cent of alcohol. It will not be judicially noticed that hop pop, hop ale, or hop jack is an intoxicating liquor. Courts do not generally know that all malt liquors are intoxicating, or that mead or metheglin is an intoxicating liquor." 33 C. J., 497. In view of our statutory definition of liquors or intoxicating liquors, many of the cases cited in support of the text are not authoritative or controlling on the courts of this State; the principle, however, on which the decisions rest is sound. It has been so recognized in this State.

In *S. v. Packer*, 80 N. C., 439, it was held that where it was shown on the trial of a defendant for selling intoxicating liquor in violation of a statute of this State, that the defendant sold port wine, the defendant was properly convicted, although there was no evidence at the trial that port wine is intoxicating. *Dillard, J.,* in the opinion in that case, says: "As to the motion for a new trial because no proof was offered that port wine was an intoxicating liquor, the defendant, in our opinion, has no legal cause of complaint. It was, of course, a question for the jury, and after the proof of the sale of the liquor, and that it was port wine, the jury could rightfully as to matters of common knowledge and experience, find without any testimony as to such matters. Now, everybody knows what port wine is, knows that it is a liquor, and also knows that it is intoxicating." See, also, *S. v. Giersch,* 98 N. C., 720, 4 S. E., 193, where *Merrimon, J.,* says: "The term 'liquor,' in its most comprehensive signification, implies fluid substances generally—such as water, milk, blood, sap, juice, but in a more limited sense and its common application, it implies spirituous fluids, whether fermented or distilled—such as brandy, whiskey, rum, gin, beer, and wine, and also decoctions, solutions, tinctures and the like fluids in great variety."

It cannot be held as a matter of common knowledge and experience that a liquor known by a name which does not indicate whether it is a spirituous, vinous or malt liquor, whether it is the product of distillation or fermentation, or whether it is intoxicating or not, such as home brew, although it is fit or at least designed for use as a beverage, is intoxicating. It may or may not be intoxicating, dependent upon whether

or not it contains alcohol, and if it does, whether or not it contains alcohol in sufficient volume to produce intoxication, when used as a beverage. In the absence of evidence tending to show that liquor which a defendant on trial for a violation of our prohibition laws, manufactured, had in his possession or sold, was intoxicating within the statutory definition, or was intoxicating in fact, the action should be dismissed on defendant's motion made in accordance with the provisions of C. S., 4643.

It has been so held in other jurisdictions. *Vanmeter v. Commonwealth* (Ky.), 23 S. E. (2d), 594. In that case it was held that evidence that liquor found in the possession of the defendant, who was charged with the unlawful possession of intoxicating liquor, was home brew, and that the liquor effervesced when the cap was removed from the bottle, was not sufficient to show that the liquor was intoxicating. The judgment on the conviction of the defendant in that case was reversed.

In the instant case, the evidence relied on by the State to sustain its contention that the liquor found in the defendant's possession and manufactured by him was intoxicating, was the testimony of the officers. They testified that they saw the liquor in the containers, and as they poured it out on the ground. They also smelled the liquor. Both of the officers had had experience in handling intoxicating liquors, in the performance of their official duties. From the appearance of the liquor and its odor, they were of the opinion, and testified, that the liquor was intoxicating. This was the only evidence offered at the trial tending to show, as contended by the State, that the liquor was intoxicating. Was this evidence legally sufficient for submission to the jury, when in view of defendant's admissions, the only question involved was whether or not the liquor was intoxicating? The trial court so held, and in this we find no error.

In *S. v. Sigmon,* 190 N. C., 684, 130 S. E., 854, it was held, *Clarkson, J.,* writing the opinion for the Court, that testimony that an automobile smelled like whiskey, shortly after the owner of the automobile had left it standing by the roadside, was properly submitted to the jury as evidence tending to show that the defendant, the owner of the automobile, had transported intoxicating liquor in violation of the statute. The odor was sufficient to show that whiskey had recently been transported in the automobile. Whiskey is included within the statutory definition of intoxicating liquor. No additional evidence was therefore required to show that the liquor transported in the automobile was intoxicating.

In *Lewinsohn v. United States,* 278 Fed., 421, one of the questions presented for decision was whether the evidence admitted at the trial in the United States District Court was sufficient to show that the beverage

STATE *v.* FIELDS.

sold by the defendant was intoxicating. Witnesses testified from the appearance of the beverage both as to its character and its alcoholic content. They were of the opinion that the beverage was intoxicating and so testified. In the opinion of the United States Circuit Court of Appeal, Seventh District, it is said: "Before one can give opinion evidence he must show his qualifications. One who has drunk whiskey, who is familiar with its taste and smell, can give opinion evidence as to whether the beverage sold and drunk was intoxicating. If it appears that whiskey had been sold, it would require no stretch of the law of judicial notice to conclude that whiskey contains more than one-half of one per cent of alcohol. . . . The same reasoning applies with almost equal force to wine. As to beer, undoubtedly the court should be more careful; but with a proper showing of qualification we see no reason why the witness should not give his opinion that the beverage sold and drunk was or was not beer." It should be noted that both whiskey and beer are within the statutory definition in this State of intoxicating liquor.

It has been held that although a witness is not an expert, where it is shown that the witness has sufficient knowledge and experience to enable him to form an opinion as to whether liquor found in the possession of a defendant or manufactured by him, was intoxicating, his testimony that the liquor was intoxicating is competent as evidence. 33 C. J., 753, and cases cited.

After a careful consideration of the determinative question presented by this appeal, we have concluded that the testimony of a witness, who is shown to have had experience as an officer or otherwise in handling intoxicating liquors, that the liquor found in the possession of the defendant or manufactured by him, was intoxicating, is competent as evidence where it is shown that the witness saw and smelled the liquor, and formed his opinion that it was intoxicating from its appearance and its odor. The witness is subject, of course, to cross-examination by the defendant. His testimony may be contradicted by evidence for the defendant to the contrary, as was done in the instant case. Whether or not the liquor was intoxicating is a question of fact to be determined by the jury from all the evidence, and under the charge of the court. Where at the trial of an action, there is evidence legally sufficient to sustain the contention of the party who has the burden of the issue, it must be submitted to the jury; its weight and probative force is not ordinarily a matter for the court, but for the jury, under proper instruction of the court as to the law, involved in the issue. We find

No error.

BROGDEN, J., dissents.