## STATE v. WILLIE WOLF.

(Filed 13 April, 1949.)

**1. Criminal Law § 27: Intoxicating Liquor § 4a—**

> In a prosecution for possession of nontax-paid liquor the court will not take judicial notice that "white liquor" means nontax-paid liquor.

**2. Intoxicating Liquor § 9d—**

> In a prosecution under G.S. 18-48 on a warrant charging possession of nontax-paid liquor, evidence by the State that six gallons of liquor and a jar of "white liquor" were found on defendant's premises, without evidence that the containers did not bear a revenue stamp of the Federal Government or a stamp of any of the County A.B.C. Boards, is insufficient to repel defendant's motion to nonsuit.

APPEAL by defendant from *Phillips, J.,* at November Term, 1948, of CASWELL.

The defendant was charged in the warrant with the unlawful possession of "illegal nontax-paid liquors"; and of having such liquors for the purpose of sale, but was tried only upon the count charging him with the unlawful possession of nontax-paid liquor.

The State offered evidence to show that on 19 June, 1948, the officers found "six gallons of liquor" in or near the defendant's tobacco field. Near-by they also found a "jar with white liquor in it." Numerous tracks, both car and foot, led down to the tobacco field where the road ended. The defendant lived on the premises and a path led from his house through the field to the tobacco road. One of the officers testified, that near the end of the road where the cars turned around, they found right many crates. "We could tell from the burned ashes that fruit jars were burned."

The defendant put on a witness who testified that he, and not the defendant, owned the liquor in question.

The jury returned a verdict of guilty and from the judgment imposed, the defendant appeals and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Moody and John R. Jordan, Member of Staff, for the State.*

*P. W. Glidewell, Sr., for defendant.*

DENNY, J. The sole question presented on this appeal is whether or not the defendant's motion for judgment as of nonsuit, made at the close of the State's evidence and renewed at the close of all the evidence, should have been allowed.

The defendant was tried upon the count in the warrant charging him with the possession of nontax-paid liquor. The pertinent parts of G.S. 18-48, read as follows: "It shall be unlawful for any firm, person or corporation to have in his or its possession any alcoholic beverages defined herein upon which the taxes imposed by the laws of Congress of the United States or by the laws of this State, have not been paid and any person convicted of the violation of this section shall be guilty of a misdemeanor and fined or imprisoned in the discretion of the Court . . . and the possession of such alcoholic beverages in a container which does not bear either a revenue stamp of the federal government or a stamp of any of the county boards of the State of North Carolina shall constitute *prima facie* evidence of the violation of this section."

His Honor charged the jury that the officers found on the premises of the defendant "six and a half gallons of nontax-paid whiskey in one place and near-by another jar of whiskey and that this was also nontax-paid whiskey, or commonly known as white liquor."

The State offered no evidence to show that the containers in which the seized liquor was held did not bear a revenue stamp of the federal government or a stamp of any of the county boards of North Carolina, which evidence would have been sufficient under the statute, to make out a *prima facie* case; but instead, it simply offered evidence to show that six gallons of liquor and a jar of white liquor were found on the premises of the defendant.

In the light of the evidence and the provisions of the statute, could the court take judicial notice that "white liquor" means "nontax-paid liquor"? We do not think so. *S. v. Holbrook,* 228 N.C. 582, 46 S.E. (2d) 842, cited by the appellee, is not in point on the question raised on this appeal.

The evidence might have warranted finding the defendant guilty of unlawful possession of liquor and of having it in his possession for the purpose of sale, if such counts had been submitted to the jury, but on the count submitted, in our opinion, the evidence offered is insufficient to support the verdict. Therefore, the defendant's motion for judgment as of nonsuit was proper, and should have been allowed.

Reversed.