STATE v. DAVID GIBBS.

(Filed 23 September, 1953.)

**1. Intoxicating Liquor § 9d—**

Evidence tending to show that nontax-paid liquor was found within the curtilage of defendant's home is sufficient to take the case to the jury on the charge of illegal possession of nontax-paid liquor, G.S. 18-48, and the charge of illegal possession of nontax-paid liquor for the purpose of sale, G.S. 18-50.

**2. Intoxicating Liquor § 4a—**

The possession of any quantity of nontax-paid liquor raises the presumption that the possession is for the purpose of sale. G.S. 18-11.

APPEAL by defendant from *Bone, J.,* June Term, 1953, of BEAUFORT.

Criminal prosecution tried upon a two-count bill of indictment charging the defendant with (1) illegal possession of nontax-paid liquor in

violation of G.S. 18-48, and (2) illegal possession of nontax-paid liquor for the purpose of sale in violation of G.S. 18-50. The jury returned a verdict of guilty on both counts as charged, and from judgment thereon imposing penal servitude of six months, the defendant appealed, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Robert L. Emanuel, Member of Staff, for the State.*

*Taylor & Mitchell for defendant, appellant.*

JOHNSON, J. The defendant challenges the sufficiency of the evidence to carry the case to the jury on each count over his motions for judgment as of nonsuit. This is the essence of the appeal.

The evidence relied on by the State may be summarized as follows: The arresting officers found two half-gallon jars of nontax-paid liquor in an old stable building located some 25 or 30 feet from the back door of the defendant's home. The defendant was not at home when the officers reached the premises, but he arrived a few minutes later and was present when the liquor was found. The defendant owned the residence lot, on which the stable is located, and had lived there for several years. The back yard and stable building were partially enclosed by a fence, and the defendant had been seen entering and leaving the rear portions of his property in the vicinity of the stable on various occasions. ·

This evidence, showing nontax-paid liquor found within the curtilage of the defendant's home, was sufficient to take the case to the jury on both counts, and the court below properly overruled defendant's motions for judgment as of nonsuit. *S. v. Hill,* 236 N.C. 704, 73 S.E. 2d 894; *S. v. Avery,* 236 N.C. 276, 72 S.E. 2d 670; *S. v. Rhodes,* 233 N.C. 453, 64 S.E. 2d 287; *S. v. Meyers,* 190 N.C. 239, 129 S.E. 600. See also *S. v. Webb,* 233 N.C. 382, 64 S.E. 2d 268.

On the second count, the State had the benefit of the *prima facie* rule created by G.S. 18-11. The limitation placed upon that statute by *S. v. Peterson,* 226 N.C. 255, 37 S.E. 2d 591, and cases therein cited no longer obtains. The limitation was removed by *S. v. Hill, supra.*

We are not concerned with the probative force of the evidence offered by the defendant in refutation of the State's *prima facie* case. That was for the jury, and they have resolved the controverted issues of fact against the defendant.

Other assignments of error brought forward by the defendant are formal and are without merit. The verdict and judgment will be upheld.

No error.