## STATE v. SAM TILLERY.

(Filed 28 March, 1956.)

1. **Intoxicating Liquor § 2—**

When the warrant or indictment charges the unlawful possession and unlawful transportation of nontax-paid liquor, defendant may be convicted, as the evidence may warrant, either under the Alcoholic Beverage Control Act, G.S. 18, Article 3, or the Turlington Act, G.S. 18, Article 1, the statutes being construed *in pari materia*.

2. **Intoxicating Liquor § 9a—**

Where the warrant charges illegal possession and transportation of nontax-paid liquor, the State is limited to the charges therein set out and must prove that the liquor was nontax-paid.

3. **Intoxicating Liquor § 9d—**

Where, in a prosecution upon a warrant charging unlawful possession and transportation of nontax-paid liquor, the State introduces no evidence that the container or containers did not bear a revenue stamp of the federal government or stamp of any of the county boards of North Carolina, G.S. 18-8, but the only testimony describing the liquor is that it was "bootleg whiskey," defendant's motion for judgment of nonsuit should have been allowed.

4. **Evidence § 5—**

"Bootleg whiskey" implies illicit whiskey in the sense that the possession, possession for sale, transportation, etc., thereof, under the circumstances, is unlawful, whether taxpaid or nontax-paid, and therefore, the court cannot take judicial notice that "bootleg whiskey" is "non-tax-paid liquor."

APPEAL by defendant from *Burgwyn, Emergency Judge,* October Special Term, 1955, of EDGECOMBE.

Criminal prosecution on warrant charging that defendant, on or about 3 April, 1955, "did unlawfully and wilfully have in his possession and did transport on his 1948 Chevrolet automobile 6 gallons of nontax-paid liquor, . . ."

Upon appeal from the Recorder's Court of Edgecombe County, defendant was tried, on the warrant, in the Superior Court. Upon the jury's verdict of guilty, judgment was pronounced. Defendant excepted and appealed, assigning errors.

*Attorney-General Rodman and Assistant Attorney-General McGalliard for the State.*

*Weeks & Muse for defendant, appellant.*

STATE *v.* TILLERY.

BOBBITT, J.  When a warrant or bill of indictment, which charges the unlawful possession and unlawful transportation of intoxicating liquor, describes the liquor as "non-tax-paid," conviction may be had, as the evidence may warrant, either under the Alcoholic Beverage Control Act, G.S. Ch. 18, Article 3, or under the Turlington Act, G.S. Ch. 18, Article 1.  These statutes are construed *in pari materia*.  *S. v. Hill,* 236 N.C. 704, 73 S.E. 2d 894; *S. v. Gibbs,* 238 N.C. 258, 77 S.E. 2d 779.

Even so, when the warrant or bill of indictment describes the liquor as "non-tax-paid liquor," these descriptive words identify the liquor referred to therein.  *S. v. Merritt,* 231 N.C. 59, 55 S.E. 2d 804.  Here the State limited the accusation to "non-tax-paid" liquor.  Thus, the defendant in effect was furnished a bill of particulars.  G.S. 15-143. This limited the evidence to the matters and things stated therein.  *S. v. Beal,* 199 N.C. 278, 154 S.E. 604.

The testimony of the State's witness, by way of describing the liquor found when a search was made of defendant's car on defendant's premises, consists solely of his statement that "we opened the trunk of the car and there were six gallons of bootleg whiskey . . ."  The witness testified that defendant stated "that the whiskey was his."

There was no testimony that the container or containers did not "bear either a revenue stamp of the federal government or a stamp of any of the county boards of the State of North Carolina."  Had there been such testimony, it would have constituted *prima facie* evidence of the violation of G.S. 18-48.  The General Assembly provided this rule of evidence to facilitate criminal prosecutions in which it is necessary to prove that the liquor is "non-tax-paid."

Thus, the question posed is whether "bootleg whiskey" is sufficient to identify the liquor as "non-tax-paid."  We are constrained to hold that it is not.  While "bootleg whiskey" implies illicit whiskey, it does so in the sense that the possession, possession for sale, transportation, etc., thereof, under the circumstances, is unlawful, whether taxpaid or nontax-paid.  The descriptive terms are not synonymous.  Hence, the court cannot take judicial notice that "bootleg whiskey" is "non-tax-paid liquor."

The question posed is similar to that passed upon in *S. v. Wolf,* 230 N.C. 267, 52 S.E. 2d 920, in which this Court held that the expression "white liquor" was insufficient to identify "illegal nontax-paid liquors."

The result is that defendant's motion for judgment of nonsuit should have been allowed.  Hence, other assignments of error need not be discussed.

Reversed.