STATE v. EDITH POE.

(Filed 11 January, 1957.)

**1. Intoxicating Liquor § 9b—**

The presumption arising under G.S. 18-11 from the possession of more than one gallon of intoxicating liquor does not apply to a charge of unlawful possession of intoxicating liquor, but only to a charge of possession for the purpose of sale, G.S. 18-50, and relates solely to purpose of the possession.

**2. Intoxicating Liquor § 2—**

Unlawful possession of intoxicating liquor, G.S. 18-48, and unlawful possession of intoxicating liquor for the purpose of sale, G.S. 18-50, are separate and distinct offenses of equal dignity, and neither charge includes the other.

**3. Intoxicating Liquor § 9g: Criminal Law § 56—**

Where the warrant charges unlawful possession of taxpaid liquor for the purpose of sale, and the court submits only the charge of unlawful possession of taxpaid liquor, the action of the court has the effect of withdrawing from the jury the only charge before it and is equivalent to a verdict of not guilty on the charge of possession of taxpaid liquor for the purpose of sale, and judgment upon verdict of guilty as charged must be arrested.

JOHNSON, J., not sitting.

APPEAL by defendant from *Sharp, S. J.,* May, 1956 A Criminal Term, CHATHAM Superior Court.

This criminal prosecution originated in the Chatham County Criminal Court upon a warrant charging that on 4 July, 1955, Edith Poe did unlawfully, wilfully have in her possession for the purpose of sale a quantity of taxpaid liquors, to-wit: One and one-half gallons of liquor and 37 cans of beer, contrary to the form of the statute, etc. The defendant entered a plea of not guilty and from the judgment imposed, she appealed to the Superior Court of Chatham County. In the Superior Court the defendant entered a plea of not guilty.

The State offered evidence that the Sheriff on the date named searched the house where the defendant lived and found three pints of whiskey in the front bedroom, two pints in the side bedroom, and "seven pints sitting in a sack right by the door, underneath the house. . . . All the whiskey we found there was taxpaid." The seals were unbroken. The following appears from the minutes of the court:

"Court proceeds to business in the following manner, to-wit:

STATE *v*. POE.

May 10, 1956.

State
vs
Edith Poe

Charge: Unlawful possession of taxpaid liquor and thirty-seven cans of beer for the purpose of sale.

## PLEA AND VERDICT

The defendant in open Court, through her counsel Mr. Seawell, entered a plea of Not Guilty.

The Jury is sworn, chosen and impaneled as follows: E. E. Clark and eleven others (naming them).

With the evidence in this case closed as announced in open court by counsel for State and defendant, Court takes overnight recess. Let the record show that both sides rested the case before the close of Court.

/s/ SUSIE SHARP
Judge Presiding."

"VERDICT

May 11, 1956

State
vs
Edith Poe

The Court submitted only the charge of unlawful possession of one and one-half gallons of taxpaid whiskey to the jury.

The jury returned into open court and for their verdict announced that they find the defendant guilty as charged. Upon request of the defendant's counsel the jury was polled in due form and each juror in turn reaffirmed his verdict of guilty."

From a verdict of guilty and judgment of imprisonment, the defendant appealed.

*George B. Patton, Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*
*Herbert F. Seawell, Jr., for defendant, appellant.*

HIGGINS, J. In this State it is unlawful for any person to have in possession intoxicating liquor *for the purpose of sale.* G.S. 18-50. When the possession is for the purpose of sale, it makes no difference whether the liquor is taxpaid or nontaxpaid. *S. v. Hill,* 236 N.C. 704, 73 S.E. 2d 894.

It is not unlawful to possess taxpaid whiskey in one's private dwelling, provided it is for the use of the owner, his family and guests. G.S. 18-11. The *prima facie* evidence rule under the section applies to the

possession of more than one gallon of taxpaid liquor, even in the home. The rule applies where the charge is unlawful possession *for the purpose of sale* and relates solely to the purpose of the possession. *S. v. Hill, supra; S. v. Brady,* 236 N.C. 295, 72 S.E. 2d 675; *S. v. Barnhardt,* 230 N.C. 223, 52 S.E. 2d 904.

This Court has held that where the offense charged is unlawful possession *for the purpose of sale* (G.S. 18-50), a conviction cannot be sustained *for unlawful possession.* Likewise, when the charge is unlawful possession (G.S. 18-48), a conviction cannot be sustained for unlawful possession *for the purpose of sale. S. v. Daniels,* 244 N.C. 671, 94 S.E. 2d 799. The two crimes are separate and distinct—made so by different legislative enactments. They are of equal dignity and carry the same punishment. Neither charge includes the other. The crime of unlawful possession is not a part of the crime of unlawful possession for the purpose of sale.

In this case the warrant charged the unlawful possession of one and one-half gallons of taxpaid liquor *for the purpose of sale.* The minutes of the court show that the defendant was placed on trial, "Charge: Unlawful possession of taxpaid whiskey . . . for the purpose of sale." The minutes further show that after the evidence was closed, the court "submitted only the charge of unlawful possession of one and one-half gallons of taxpaid whiskey to the jury." When the court removed from the warrant the charge the possession was for the purpose of sale, it removed from the jury an essential element of the offense upon which the defendant was put to trial. Under the rule stated in the *Daniels case,* a conviction under the warrant could not be had for unlawful possession. The action of the court had the effect of withdrawing from the jury the only charge before it. This action took place after the jury was impaneled and was equivalent to a verdict of not guilty of the charge of unlawful possession of taxpaid liquor for the purpose of sale.

The facts here disclosed appear upon the face of the record and require that the judgment be arrested. The defendant is entitled to a discharge, and it is so ordered.

Judgment arrested.

JOHNSON, J., not sitting.