STATE v. JOE T. MAY

(Filed 19 March, 1958)

**1. Intoxicating Liquor § 9a—**

Under G S. 18-2 the warrant or indictment should charge the unlawful possession or sale of intoxicating liquors; under G.S. 18-48 it should charge the unlawful possession of alcoholic beverages upon which the

STATE v. MAY.

taxes imposed by law have not been paid; under G.S. 18-50 it should charge the unlawful possession for sale, or sale, of illicit liquors.

**2. Intoxicating Liquor § 9d—**

Testimony of witnesses that 21 pint bottles containing "whisky" were found on defendant's premises is sufficient to be submitted to the jury and support a finding that the alcoholic content of the liquid was in excess of 14 per cent by volume within the purview of G.S. 18-60, since whisky means an alcoholic beverage distilled from grain with an alcoholic content of from 50 to 58 per cent by volume.

**3. Intoxicating Liquor § 9c—**

Testimony based on taste, sight, and smell is admissible to show alcoholic content of a liquid.

APPEAL by defendant from Sink, E. J., October, 1957 Term, PITT Superior Court.

This criminal prosecution originated in the Municipal Recorder's Court of the City of Greenville upon an affidavit and warrant which charged the defendant (1) with the unlawful possession of intoxicating liquors on which the taxes levied by the Congress of the United States and by the State of North Carolina had not been paid; and (2) the unlawful possession of "said nontaxpaid liquor . . . for the purpose of sale." From a conviction and judgment, the defendant appealed to the Superior Court of Pitt County. Trial in the superior court resulted in a conviction on both counts. From a judgment imposing a fine of $250.00 on the first count and 20 months imprisonment on the second count, the defendant appealed.

*George B. Patton, Attorney General, Harry W. McGalliard, Ass't. Attorney General, for the State.*

*Martin L. Cromartie, Jr., Weeks & Muse, By: Cameron S. Weeks and T. Chandler Muse, for defendant, appellant.*

HIGGINS, J.   This case comes here from a county in which ABC stores are operated. The warrant on which the defendant was tried is a part of the record and is before us. The first count charges the unlawful possession of *intoxicating liquors* on which the taxes had not been paid. The question whether the count charged an offense under G. S. 18-2 or under G. S. 18-48 was neither raised in the superior court nor here. The superior court treated the charge as having been laid under G. S. 18-48 (the ABC Act). The section makes unlawful the possession of *alcoholic beverages* on which the Federal and State taxes had not been paid. *Alcoholic beverage* is defined as any beverage containing more than 14 per cent alcohol by volume, G. S. 18-60. The sale or possession of *intoxicating liquors* is made unlawful by G. S. 18-2 (the Turlington Act). *Intoxicating liquor* is defined as any beverage

containing one-half of one per or more of alcohol by volume, G. S. 18-1. Possession for sale or sale of *illicit liquors* is made unlawful by G. S. 18-50.

To be accurate, therefore, a warrant or indictment should charge: (1) Under the Turlington Act, G. S. 18-2, the unlawful possession or sale of *intoxicating liquors*: (2) Under the ABC Act, G. S. 18-48, the unlawful possession of *alcoholic beverages* upon which the taxes imposed by the laws of the Congress of the United States or by the laws of this State had not been paid: (3) Under the ABC Act, G. S. 18-50, for the unlawful possession for sale, or sale, of *illicit liquors* or the sale of any liquors purchased from the county stores. The Turlington Act is still in force in this State, except as modified by the ABC Act. *State v. Welch*, 232 N.C. 77, 59 S.E. 2d 199; *State v. Barnhardt*, 230 N.C. 223, 52 S.E. 2d 904; and the two acts must be construed together. Attention is called to the wording of the different statutes and to what this Court has said about them in the cases herein cited, with the hope that hereafter warrants and bills of indictment may be drawn to fit the offenses intended to be charged. *State v. Harrelson*, 245 N.C. 604, 96 S.E. 2d 867; *State v. Poe*, 245 N.C. 402, 96 S.E. 2d 5; *S. v. Tillery*, 243 N.C. 706, 92 S.E. 2d 64; *State v. Ritchie*, 243 N.C. 182, 90 S.E. 2d 301; *State v. Hill*, 236 N.C. 704, 73 S.E. 894; *State v. McLamb*, 235 N.C. 251, 69 S.E. 2d 537; *State v. Welch, supra; State v. Merritt*, 231 N.C. 59, 55 S.E. 2d 804; *S. v. Barnhardt, supra; S. v. Peterson*, 226 N. C. 255, 37 S.E. 2d 591; *State v. McNeill*, 225 N.C. 560, 35 S.E. 2d 629; *State v. Fields*, 201 N.C. 110, 159 S.E. 11.

The defendant's assignments of error Nos. 6 and 7 present the question of the sufficiency of the evidence to go to the jury. The particular contention is that the evidence was insufficient to warrant the jury in finding that the beverage contained more than fourteen per cent alcohol by volume.

The witnesses testified that 21 pint bottles containing whisky were found in the defendant's grocery store—19 of them concealed in a trap under the stove, and two concealed in a trap behind a table. The bottles did not bear stamps indicating the Federal or State tax had been paid on the contents. The bottles and contents were identified, introduced in evidence, and examined by the jury. The officers testified the bottles contained whisky. Was the evidence sufficient to support the finding the alcoholic content was in excess of fourteen per cent by volume?

" 'Whisky' is a generic term with a very definite, special, well-defined, and well-known meaning, common in the United States, as denoting an alcoholic beverage . . . distilled from grain, with a specific gravity corresponding approximately to an alcoholic strength of forty-four to fifty per cent by weight and fifty to fifty-eight per cent by

volume." 48 C.J.S., Intoxicating Liquors, Sec. 13, p. 145.

Testimony based on taste, sight, and smell is admissable to show alcoholic content. 78 ALR 439; *State v. Fields, supra; State v. Buck,* 191 N.C. 528, 132 S.E. 151; *State v. Sigmon,* 190 N.C. 684, 130 S.E. 854. In addition to the officers' evidence that the beverage was whisky, the jury made its own inspection.

The court charged the jury: "The defendant contends that this evidence should not satisfy you beyond a reasonable doubt that the alcoholic or nontaxpaid beverage within the contemplation of the statute, has 14 per cent alcoholic content by volume. . . . The State . . . contends to the contrary, that the samples that have been offered and that you have been permitted to smell, see and examine, . . . should satisfy you that it (alcoholic content) is greatly in excess of 14 per cent . . . Whether it (alcoholic content) be found by a chemist or by some other technical process is not necessarily material. It is material that you be satisfied beyond a reasonable doubt that this was alcoholic beverage as provided by the statute. . . .

"If you feel satisfied as to either or both charges beyond a reasonable doubt, you would render a verdict of guilty and if you have a reasonable doubt as to either or both charges, as to such charge or charges, . . . it would be your duty to say not guilty."

There may be some very technical objection to the language of the charge, but the evidence and issues were simple and there is nothing to indicate the jury was misled or confused.

On the second count (unlawful possession for sale), the court placed upon the State the burden of proving the intoxicating liquors contained 14 per cent of alcohol by volume. The statute placed upon the State only the burden of proving the defendant unlawfully had illicit liquors in his possession for sale. The charge certainly was as favorable as the defendant had any right to expect. The evidence was ample to go to the jury and to sustain the verdict and judgment.

No Error.