STATE *v.* SMITH.

---

STATE v. SOPHRONIA SMITH .

(Filed 19 November, 1958.)

1. **Intoxicating Liquor § 13—**

Where there is no evidence tending to show that the container of less than one gallon of liquor found in defendant's possession did not bear revenue stamps of the Federal Government or any county board, and the only testimony tending to show that the whiskey was nontaxpaid is testimony of the officer that it had the odor of nontaxpaid whiskey, defendant's motion to nonsuit in a prosecution for illegal possession of intoxicating liquor should have been allowed. *S. v. Pitt*, 248 N.C. 57, cited and distinguished in that the testimony in that case was that the liquor was not ABC whiskey, and the witness in that case had been qualified as an expert.

2. **Criminal Law § 136—**

Where it is held that defendant's motion for nonsuit should have been allowed, the provision of the judgment invoking a prior suspended sentence must also be reversed.

PARKER, J., not sitting.

APPEAL by defendant from *Olive, J.,* April Term 1958 of RANDOLPH.

This is a criminal action tried upon a warrant charging the defendant with possession and possession for the purpose of sale of a quantity of nontaxpaid liquor. The warrant was returnable to the Randolph County Recorder's Court.

The defendant was tried and convicted in said court and from the

judgment imposed she appealed to the Superior Court of Randolph County.

In the Superior Court the defendant was tried upon the original warrant. At the close of the State's evidence the court dismissed the count of possession for the purpose of sale and only submitted the count for unlawful possession of nontaxpaid liquor.

The evidence of the State tends to show that W. W. Wilson, Sheriff of Randolph County, and Deputy Sheriff Bowman, on 20 February 1958, about 10:00 p.m., went to the residence of the defendant in Ramseur; that they had a warrant for the arrest of the defendant. Mr. Bowman went to the front door of the residence and the witness Wilson walked to the rear. While the witness was standing looking in the window of the kitchen, he saw the defendant and a colored man come into the kitchen. The defendant, Sophronia Smith, had a quart fruit jar in her hand about three-fourths full of some clear liquid. The colored man had a small glass in his hand with about one inch of clear liquid in it. Sophronia poured the contents of the fruit jar into a slop bucket. "I did not see what she did with that jar." The man set the glass down in a coca-cola crate. The witness then went to the back door and knocked; the door was opened. Defendant and Deputy Sheriff Bowman and the colored man were in the kitchen. There was a strong odor of disinfectant in the kitchen. There was nontaxpaid whiskey in the small glass in the coca-cola crate. There was an odor of nontaxpaid whiskey in the slop bucket. The witness further testified that he dug into the slop bucket, pulled out a quart fruit jar, smelled of it and it had the odor of nontaxpaid whiskey in it.

On cross-examination the witness identified the fruit jar as the one he took out of the slop bucket and the glass as the one the colored man set in the coca-cola crate. He then testified: " * * * this is the one that had colored liquid in it (this being the jar he had identified as the one he took out of the slop bucket); that glass had approximately an inch; it had the odor of disinfectant and this had the odor of nontaxpaid. I can tell by the whiskey that nobody had paid any tax on it. The government sells white whiskey; 'white lightning' has a different smell; * * * this is the glass and the container I found."

The glass and fruit jar were admitted in evidence.

The defendant offered no evidence.

The jury returned a verdict of guilty of possession of nontaxpaid liquor. From the judgment entered on the verdict the defendant appeals, assigning error.

*Attorney General Seawell, Asst. Attorney General Love, for the State.*

*Hammond & Walker for defendant, appellant.*

DENNY, J.   The defendant assigns as error the refusal of the court below to sustain her motion for judgment as of nonsuit.

We have heretofore held that testimony to the effect that the liquor seized was white liquor was insufficient to sustain a count charging the defendant with the unlawful possession of "illegal nontaxpaid liquor." *S. v. Wolf,* 230 N.C. 268, 52 S.E. 2d 920.

We have likewise held "the court cannot take judicial notice that 'bootleg whiskey' is nontaxpaid liquor." *S. v. Tillery,* 243 N.C. 706, 92 S.E. 2d 64.

In the instant case the liquor is described by the State's witness as "nontaxpaid liquor" simply because it had the odor of nontaxpaid whiskey, or because "the government sells white whiskey; (and) 'white lightning' has a different smell."

In the American Thesaurus of Slang, by Berrey and Van Den Bark, "white lightning" is defined as "raw alcohol" or as "any colorless whiskey or alcohol." Sections 100.2 and 100.12.

The writer of this opinion is not an expert with respect to the smell of various whiskies. Even so, in the event a tax had been paid on "white liquor" or "bootleg whiskey" or on "white lightning," it is submitted that the payment of such tax did not and could not change the smell of such liquor or whiskey one whit. After all, the only question involved in the trial below was whether or not the defendant had in her possession a quantity of nontaxpaid liquor.

In the case of *S. v. Pitt,* 248 N.C. 57, 102 S.E. 2d 410, an ABC officer undertook to testify as follows: "I can smell of it and tell the difference. * * * It (the whiskey introduced in evidence) is not ABC whiskey." The trial court refused to admit this testimony until the officer was examined as to his qualifications and experience to testify as to such matters. He testified that he had been an ABC officer for eleven years and "knew the difference between whiskey sold in ABC stores and whiskey made illegally and not under government supervision." His testimony was then admitted. We held this evidence competent. Its weight was for the jury. Moreover, in that case there was a stipulation to the effect that the containers of the whiskey which had been introduced in evidence, bore no stamps.

The General Assembly of North Carolina has made it so easy and simple to make out a *prima facie* case in such cases as the one now before us, it is difficult to understand why the statutory procedure is so often and well-nigh universally ignored. In cases like this, all the State has to prove to make out a *prima facie* case is to show that the container or containers seized contained an alcoholic beverage and that the container or containers bore no revenue stamp of the federal

government or a stamp of any of the county boards of the State of North Carolina. G.S. 18-48.

We have reached the conclusion that upon the evidence adduced in the trial below, the court should have sustained the defendant's motion for judgment as of nonsuit, and we so hold.

Therefore, the judgment entered below is reversed, including the portion thereof that invoked by reason of the conviction herein a previous judgment, entered at the December Term 1957 of the Superior Court of Randolph County, which had been suspended for three years upon condition that the defendant not violate any penal law of the State.

Reversed.

PARKER, J., not sitting.