STATE v. INEZ GUFFEY.

(Filed 24 February, 1960.)

**1. Intoxicating Liquor § 5—**

The possession of nontaxpaid whiskey in any quantity anywhere in this State is, without exception, unlawful, G.S. 18-48, G.S. 18-50, and raises the presumption that the possession is for the purpose of sale notwithstanding that the quantity be less than one gallon. G.S. 18-11.

**2. Same—**

Possession of nontaxpaid whiskey within the meaning of G.S. 18-48 may be either actual or constructive.

**3. Criminal Law § 101—**

Evidence which merely shows the possibility of defendant's guilt of the offense charged but raises no more than a conjecture or speculation of such guilt is insufficient to be submitted to the jury.

**4. Intoxicating Liquor § 13c—**

Evidence tending to show that when the sheriff entered defendant's home he saw a jar of nontaxpaid whiskey unconcealed in the kitchen, that there were then present in defendant's house five adults, including defendant's mother and daughter, that defendant was not then at home but returned while the officers were there and ran to the sheriff, but without evidence that the nontaxpaid liquor was in the kitchen at the time defendant left her home, is insufficient to be submitted to the jury on the question of defendant's possession of the liquor, either actual or constructive.

APPEAL by defendant from *Pless, J.,* November 1959 Term of RUTHERFORD.

Criminal prosecution upon a warrant charging defendant with the possession of nontaxpaid liquor for the purpose of sale; the case was heard *de novo* on appeal by defendant from a conviction in the Recorder's Court of Rutherford County.

Plea: Not guilty. Verdict: Guilty as charged.

From a judgment of imprisonment, defendant appeals.

*Malcolm B. Seawell, Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*

*Thomas J. Moss and Stover P. Dunagan for defendant, appellant.*

PARKER, J. The evidence for the State — the defendant offered none — reveals these facts:

About 1:30 p. m. o'clock on 16 June 1959 Damon Huskey, Sheriff of Rutherford County, with a deputy, went to a house owned by defendant, and in which she has lived for ten years, on Highway #74 just east of Forest City. Defendant, her grandmother eighty years old, her daughter thirty-one years old, and her grandchildren lived in the house. He knocked at the door. Defendant's daughter came to the door, and Sheriff Huskey went in. When he went in, he saw in the house defendant's daughter, defendant's mother, a taxicab driver, Albert Downey and Strawberry Moore. Defendant was not in the house at that time. The Sheriff had no search warrant. The first time the Sheriff saw defendant, she came to the door from the outside. When Sheriff Huskey was standing in the doorway from the kitchen, he smelt a strong odor of whiskey. He turned his head, and saw a half-gallon jar of white, nontaxpaid whiskey, with the lid off the jar, sitting on a shelf above the sink in the kitchen. A bottle of Clorox and some glasses that would hold four or five ounces were close to the sink. When defendant came in the kitchen, she ran to the Sheriff.

Prior to 16 June 1959 Sheriff Huskey has seen lots of traffic in and out of defendant's home. He has arrested several people for public drunkenness coming out of her house.

A week or ten days prior to 16 June 1959 Wilbur Kiser, a deputy sheriff, saw lots of traffic, taxis and other cars, going to and from defendant's home.

During the course of the argument to the jury, the court, in its discretion, permitted the State to introduce in evidence, over defendant's objection and exception, the jar of whiskey.

At present, the possession of nontaxpaid whiskey in any quantity anywhere in the State is, without exception, unlawful. G.S. 18-48, 18-50; *S. v. Barnhardt*, 230 N.C. 223, 52 S.E. 2d 904; *S. v. Parker*, 234 N.C. 236, 66 S.E. 2d 907; *S. v. May*, 248 N.C. 60, 102 S.E. 2d 418 — as to alcoholic content of whiskey.

Nontaxpaid whiskey is outlawed by statute in this State. G.S. 18-48 and G.S. 18-50 are statewide in application, and the possession of any quantity of nontaxpaid liquor is, without exception, unlawful, and under G.S. 18-11 raises the presumption, even though less than one gallon in quantity, that possession is for the purpose of sale. *S. v. Hill*, 236 N.C. 704, 73 S.E. 2d 894; *S. v. Gibbs*, 238 N.C. 258, 77 S.E. 2d 779.

Possession of nontaxpaid whiskey within the meaning of G.S. 18-48 may be either actual or constructive. *S. v. Brown*, 238 N.C. 260, 77 S.E. 2d 627.

When Sheriff Huskey had entered defendant's home without a search warrant and was standing in the doorway from the kitchen, he turned his head and saw a half-gallon jar of white, nontaxpaid whiskey sitting on the shelf above the sink in the kitchen. Assuming, but not deciding, that this evidence was competent, the State had ample evidence to show that some person violated the statute relating to the possession of nontaxpaid whiskey. But the crucial question is whether the State's evidence is sufficient to carry the case to the jury that the culprit was the defendant.

When the Sheriff entered the house, the defendant was not at home. The jar of whiskey was not concealed, but exposed to view. Defendant's 80-year-old mother, her 31-year-old daughter, a taxicab driver, Albert Downey, and Strawberry Moore were there. There is no evidence that the jar of whiskey was in the kitchen, when the defendant left home. There is no evidence that the four or five glasses had the odor of whiskey, or any drops of whiskey in any of them. When defendant came into the kitchen from outside, she ran to the Sheriff. The Sheriff's testimony, "I thought she was going to get the whiskey but she didn't," we do not consider of probative value.

"Upon a motion for judgment of nonsuit the evidence is to be considered in the light most favorable for the State, but evidence which merely suggests the possibility of guilt or which raises only a conjecture is insufficient to require submission to the jury." *S. v. Todd*, 222 N.C. 346, 23 S.E. 2d 47. Any other interpretation of the law would unloose a jury to wander at will in the fields of speculation and conjecture.

In *S. v. Vinson*, 63 N.C. 335, the Court said: "We may say with

N. C.]

certainty that evidence which merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it was so, is an insufficient foundation for a verdict and should not be left to the jury. Citing authority. We may go farther and say that the evidence must be such as will support a reasonable inference of the fact in issue."

Since the evidence is so slight as not reasonably to warrant the inference that the defendant had either the actual or constructive possession of the jar of nontaxpaid liquor, but leaves to mere conjecture the all-important question whether the culprit was the defendant, who was not present when the Sheriff arrived, or someone of the five adult persons there at the time, the trial court erred in not involuntarily nonsuiting the State, which ruling defendant assigns as error.

Reversed.