STATE v. JOHN BUSTER MURPHY AND PATRICK SUTTON.

(Filed 11 April, 1945.)

**1. Criminal Law § 52b—**

The general rule, on motion for judgment as of nonsuit in a criminal case, is that if there be any evidence to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, the case is one for the jury; but, where there is merely a suspicion or conjecture in regard to the charge against defendant, the motion should be allowed. G. S., 15-173.

**2. Criminal Law §§ 52b, 54b—**

In a criminal prosecution for assault and highway robbery, where there was sufficient evidence of assault, but as to robbery the evidence disclosed no more than an opportunity for defendants to take the money, with equal opportunity for others to have stolen it, a verdict on the highway robbery charge is speculative and not supported by the evidence.

**3. Criminal Law §§ 54b, 60—**

Where there is a general verdict on a bill of indictment containing two or more counts charging distinct offenses, the court can impose a sentence on each count, if the verdict is free from valid objection and has evidence to support it.

**4. Criminal Law §§ 60, 85—**

When an indictment contains several counts as to offenses of different grades and punishments and the evidence applies to one or more counts but not to all, on a general verdict, judgment, in excess of the statutory penalty for the count or counts supported by the evidence, will be stricken out on appeal and the cause remanded for a proper judgment.

APPEAL by defendants from *Williams, J.,* at October Term, 1944, of LENOIR.

Criminal prosecution for assault and highway robbery.

The bill of indictment charges in substance that on 8 October, 1944, "on or near a public highway" in Lenoir County, North Carolina, Patrick Sutton and John Buster Murphy did unlawfully, willfully and feloniously assault and put in fear Wiley Bell, and did feloniously, unlawfully and willfully and forcibly take, steal and carry away from the person of Wiley Bell eighty-two dollars in money—his property.

In the trial court the evidence offered, taken in light most favorable to the State, tends to show: That on Sunday afternoon of 8 October, 1944, prosecuting witness, Wiley Bell, while riding his bicycle on Davis Street in the city of Kinston, North Carolina, had his pocketbook containing four twenty-dollar bills and two one-dollar bills in his shirt pocket, and he was in his shirt sleeves; that his bicycle there ran into one of the defendants, Sutton, to whom Bell apologized, and who apparently ac-

cepted the apology, but the other defendant Murphy "commenced raising a lot of sand," and Bell asked him "What are you going to do about it?"; that thereupon that defendant grabbed Bell by the neck and knocked him down, and defendant Sutton went down on him, or "was leaning over him" as one witness expressed it; that when he, Sutton, "got up" or "got up off of Wiley he said 'I have got the gun,'" and after he got up, he kicked Bell more than once; that then the defendants walked off leaving Bell lying in the street in an unconscious condition; that after they left there defendant Sutton had the pistol in his hand; that then two women came and picked Bell up and carried him to a near-by porch, where about ten minutes later he regained consciousness; that then he got on his bicycle and started home, and on the way discovered there was no money in his pocketbook, and no trace of it has been found.

On the other hand, defendants as witnesses for themselves deny taking the money, and offered evidence tending to show that while they struck Wiley Bell, and had him down, they did so in disarming him when he threatened them, and drew the gun on them.

For the State there was evidence tending to show that Wiley Bell did not own, and had no pistol at the time.

There was no evidence that anyone saw either of defendants with the pocketbook or saw either of them take the money.

Verdict: Guilty.

Judgment as to each defendant: Confinement in the State's Prison, assigned to work under the supervision of the State Highway and Public Works Commission for a period of not less than 4 nor more than 6 years.

Defendants appeal to the Supreme Court and assign error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*J. A. Jones and Albert W. Cowper for defendants, appellants.*

WINBORNE, J. Exception to the refusal of the court to grant motions of defendants aptly made and preserved for judgment of nonsuit, G. S., 15-173, as to the charge of robbery, is well taken, and must be sustained. In considering such motions under provisions of G. S., 15-173, the general rule is that "if there be any evidence to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury." But where there is merely a suspicion or conjecture in regard to the charge in the bill of indictment against defendant, the motion for judgment of nonsuit will be allowed, *S. v. Johnson,* 199 N. C., 429, 154 S. E., 730, and numer-

ous other decisions of this Court, including *S. v. Boyd,* 223 N. C., 79, 25 S. E. (2d), 456, where the authorities are assembled.

Applying these principles to the present case, we are of opinion that the evidence discloses no more than an opportunity for the defendants to take the money. And the evidence shows an equal opportunity for others to have taken the money. Under such circumstances to find that any particular person took the money is to enter the realm of speculation, and verdicts so found may not stand.

But as to the count in the bill of indictment in the present case charging an assault, there is sufficient evidence to sustain a verdict of guilty. Here there is a general verdict of guilty. And where there is such a verdict on a bill of indictment containing two or more counts charging distinct offenses, the court can impose a sentence on each count. That is, if the verdict on any count be free from valid objection and has evidence tending to support it, the conviction and sentence for that offense will be upheld. *S. v. Graham,* 224 N. C., 347, 30 S. E. (2d), 154, and cases cited. However, the sentences imposed in the judgment below are greater than is allowed by law for a conviction for an assault. Hence, while there may not be a new trial, *S. v. Toole,* 106 N. C., 736, 11 S. E., 168, the sentences imposed will be set aside and the cause remanded for proper judgment. *S. v. Graham, supra; S. v. Cody,* 224 N. C., 470, 31 S. E. (2d), 445.

Other assignments of error have been examined, and are found to be without merit.

Error and remanded.