### STATE v. MILTON McLAMB.

(Filed 8 October, 1952.)

**Intoxicating Liquor § 9d—**

Evidence tending to show that officers found a still and a quantity of nontax-paid whiskey on land some three hundred yards from defendant's house, that there was a path between the house and the still, and also that sugar sacks found at defendant's house were similar to sugar sacks found at the still, but that defendant neither owned nor rented the land upon which the still was found, *is held* insufficient to sustain conviction of defendant for possession of nontax-paid whiskey and possession of nontax-paid whiskey for the purpose of sale. The term "and/or" disapproved in judicial proceedings.

APPEAL by defendant from *Hatch, Special Judge,* at Regular April Term, 1952, of JOHNSTON.

Criminal prosecution upon a warrant dated 23 October, 1951, and issued by a justice of the peace of Johnston County, charging that at and in Meadow Township, said county, on 23 October, 1951, Milton McLamb unlawfully, willfully and feloniously (1) did have in his possession for the purpose of manufacturing illegal whiskey, one complete distillery outfit, about 200 gallon capacity, and 15 barrels of beer; and (2) did have a certain quantity of liquor (to wit) 25 gallons "which the tax imposed by the U. S. Congress and/or the State of North Carolina as imposed has not been paid"; and (3) did have the said liquor for the purpose of sale, etc., on which probable cause was found and defendant was bound over to the recorder's court of Johnston County.

The recorder consolidated for purposes of trial and judgment the case on the above warrant with another on warrant dated 24 October, 1951, issued by same justice of peace, charging in substance that on 23 October, 1951, defendant, at and in said township and county, (1) had in his possession "25 gallons" of nontax-paid whiskey, (2) had possession of same for purpose of sale, and (3) had in his possession for purpose of manufacturing illegal whiskey "one oil burner and one pressure tank." On such trial the jury of six returned a verdict of guilty. From judgment thereon defendant appealed to Superior Court, where he was put on trial under the warrant first above described.

Defendant entered plea of not guilty as to all counts in the warrant as above set forth. Defendant insists here that he was tried on the first

warrant as first hereinabove described, and the Clerk of Superior Court in response to request by this Court certifies to this Court that "If any order was made consolidating the two cases, I do not recall it."

Upon the trial in Superior Court, the State offered evidence tending to show, as of 23 October, 1951, the date of the alleged offenses, and pertinent thereto, substantially the following: The home of defendant is located on a country road between Peacock Cross Roads and Newton Grove. About 9:00 or 9:30 o'clock in the morning of that day deputies sheriff Beasley and Ford, making a trip in the neighborhood of and passing defendant's house, saw defendant and three or four other men, one of whom was Daniel Melvin McLamb, standing in the yard. Later about 1 o'clock in the afternoon these officers came back, and entered the woods from a tobacco barn up the road from defendant's house, and found a still in operation at a point about three hundred yards from defendant's house, but from which it could not be seen. The officers did not know on whose land it was located. However, evidence for defendant showed it to be on land of a person other than defendant, and on land not rented by defendant. The officers saw two men at the still, one of whom, Daniel McLamb, they caught and arrested. The other man ran and escaped arrest. The officers testified that this man was not the defendant. At the still they found five 5-gallon jugs of whiskey, 15 barrels of beer and a 200 or 300-gallon vat type still operated by a burner. There was no path leading from the tobacco barn to the still. But there was a path leading from the still towards defendant's house. And there was a path leading from defendant's house toward the still.

The officers also testified that they did not know where defendant was during the day,—officer Beasley saying, "I believe it was that night that I saw him; we went back to his house and Milton came home."

The officers also testified that they saw sugar sacks hanging on clothes line at defendant's house, and found similar sugar sacks at the still,— officer Ford saying, "I could not say they were the same bags."

And the officers testified without objection that they obtained a search warrant and "went back to search his home," but "didn't find anything there"; that they did find some whiskey near a path leading from the smokehouse at some distance therefrom; and that they found paraphernalia for making whiskey on the premises of defendant, but that it had no connection at all with the manufacturing at the still they cut down that day.

Verdict: 1. Not guilty of the possession of the still and the paraphernalia for the manufacture of liquor.

2. Guilty of possession of nontax-paid whiskey.

3. Guilty of possession of nontax-paid whiskey for the purpose of sale.

Judgment: On the count of possession, confinement to the common jail of Johnston County for a period of 12 months and assigned to perform labor under the supervision of the State Highway and Public Works Commission. Prayer for judgment continued on the count for the purpose of sale.

Defendant objected to the signing of judgment, and moved in arrest thereof. Motion overruled. Exception. Defendant appeals to Supreme Court, and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Charles G. Powell, Jr., Member of Staff, for the State.*

*J. R. Barefoot, E. R. Temple, and Joseph H. Levinson for defendant, appellant.*

WINBORNE, J. The question here: Is there error in the ruling of the trial court in denying defendant's motions for judgment as of nonsuit on the two counts on which he was convicted?

Taking the evidence offered upon the trial below in the light most favorable to the State, the circumstances on which the State relies are insufficient to support the verdict.

The principles of circumstantial evidence and constructive possession recently re-stated in *S. v. Webb,* 233 N.C. 382, 64 S.E. 2d 268, are applicable here. And as there stated, to hold that there is sufficient evidence to support a finding that the defendant had constructive possession of the whiskey found at the still as charged, is conjecture and speculation. Defendant ought not to be convicted on such evidence. Hence his demurrer to the evidence should have been sustained.

Manifestly, the evidence obtained under the search warrant relates to other charges covered by the warrant of 24 October, 1951, rather than to the charges for which defendant was on trial in the instant case.

In connection with the use of the term "and/or" in the warrant on which this case is tried, attention is directed to the fact that this Court has said that the use of such term in a warrant "adds nothing to its clarity." *S. v. Ingle,* 214 N.C. 276, 199 S.E. 10. And this Court has held that the term "and/or" has no place in judicial proceedings,—pleadings, verdict or judgment. *Gibson v. Ins. Co.,* 232 N.C. 712, 62 S.E. 2d 320, and cases cited.

Hence the judgment from which the appeal is taken is hereby
Reversed.