STATE v. SAMMY WOOTEN.

(Filed 16 December, 1953.)

**1. Intoxicating Liquor § 9d—**

Evidence tending to show that defendant's house and a church faced each other across an unpaved street and that officers found nontax-paid liquor in a broom sedge field and concealed in vines between the rear of the church and a paved highway, is insufficient to show that defendant had either actual or constructive possession of the liquor, and nonsuit should have been entered in a prosecution for unlawful possession of intoxicating

liquor and unlawful possession of intoxicating liquor for the purpose of sale.

**2. Criminal Law § 83—**

Where defendant's motions for compulsory nonsuit are sustained on his appeal to the Supreme Court, the rulings have the force and effect of verdicts of not guilty.   G.S. 15-173.

APPEAL by defendant from *Burney, J.,* and a jury, at September Term, 1953, of COLUMBUS.

Criminal prosecution upon a warrant charging the accused with the violation of the statutes relating to the possession of intoxicating liquor.

This action originated in the Recorder's Court of Columbus County, and was carried thence to the Superior Court by the appeal of the defendant. Trial was had *de novo* before a petit jury in the Superior Court upon the original warrant, which contained a first count charging an unlawful possession of intoxicating liquor, and a second count charging an unlawful possession of intoxicating liquor for the purpose of sale. Both sides offered testimony at the trial in the Superior Court.

When the evidence for the State is stripped of insinuations of no probative value, it reveals these facts:

1. The home of the defendant and a church stand on opposite sides of an unpaved street in the Town of Chadbourn. Since both buildings front the street, they necessarily face each other. There is a paved highway some distance to the rear of the church. Several other dwellings are situated in the neighborhood, but none of them are as close to the church as that of the defendant.

2. Police officers searched the home of the defendant under a search warrant. They "didn't find anything there." The officers then crossed the unpaved street, and explored the area around the church. They discovered ten half gallon jars "full of white lightning" in that area. One of the jars was cached in a broom sedge field, and the other nine were concealed in vines between the rear of the church and the paved highway. The officers did not know who owned the liquor or the land where it was found.

The evidence for the defendant indicates that he had no connection whatever with the liquor or the land where it was hidden.

The jury found "the defendant guilty of both counts as charged in the warrant," and the trial judge sentenced him to imprisonment as a misdemeanant on each count. The defendant appealed, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Charles G. Powell, Jr., Member of Staff, for the State.*
*Powell & Powell for defendant, appellant.*

ERVIN, J.   The only assignments of error requiring consideration are those based upon the disallowances of the motions of the defendant for compulsory nonsuits on both counts.

The testimony for the State is ample to show that some person violated the statutes relating to the possession of intoxicating liquor.   It leaves to mere conjecture, however, the all-important question whether the culprit was the defendant or somebody else.   Since the evidence does not indicate that the defendant had either the actual or the constructive possession of the intoxicating liquor found by the officers, the prosecution should have been involuntarily nonsuited in the Superior Court.   *S. v. McLamb,* 236 N.C. 287, 72 S.E. 2d 656; *S. v. Webb,* 233 N.C. 382, 64 S.E. 2d 268.

The convictions and sentences in the Superior Court are vacated and reversed, and the motions of the defendant for compulsory nonsuits on both counts are sustained on this appeal.   Under G.S. 15-173, these rulings have the force and effect of verdicts of not guilty on both counts. *S. v. Palmer,* 230 N.C. 205, 52 S.E. 2d 908.

Reversed.