STATE v. GLADYS HARRELSON AND W. C. JONES.

(Filed 6 March, 1957.)

**1. Intoxicating Liquor § 9b—**

While constructive possession of intoxicating liquor for the purpose of sale is sufficient to constitute the offense under G.S. 18-2, defendants' pleas of not guilty put in issue every element of the offense charged.

**2. Intoxicating Liquor § 9d—**

Evidence tending to show that less than five gallons of beer and less than one gallon of gin was found in the house occupied by defendants, and that a quantity of intoxicating liquor was found in a trap under a trash pile across the road from defendants' house, with several paths leading from the trash pile, only one of which went to defendants' house, is held insufficient to be submitted to the jury in a prosecution for possession of intoxicating liquor for the purpose of sale.

**3. Intoxicating Liquor § 9b—**

The possession of less than one gallon of gin and the possession of less than five gallons of beer, G.S. 18-32(4), raises no presumption that the possession of the gin or beer was for the purpose of sale.

**4. Criminal Law § 62f—**

Where the judgment upon verdict of guilty in a criminal prosecution also activates a suspended sentence entered against defendant in a prior prosecution, and it is determined on appeal that judgment of nonsuit should have been entered, defendant is entitled to have the provision activating the suspended sentence stricken from the record.

APPEAL by defendants from Campbell, J., at September 1956 Term, of LINCOLN.

Criminal prosecutions upon separate warrants of a Justice of the Peace charging defendants Gladys Harrelson and Cleo Jones each with (1) unlawful possession of intoxicating whiskey for the purpose of sale, and (2) possession of "illegal beer for the purpose of sale," returnable before the Recorder's Court of Lincoln County, consolidated for trial, and then tried in Superior Court on appeal thereto from judgments of the Recorder's Court on verdicts of guilty. Defendant Jones is named Cleo Jones in the warrant and judgment.

Upon the trial in Superior Court the State offered evidence tending to show this narrative: Defendants were living in a 4-room house in Lincoln County owned by the father of defendant Jones. Previously defendant Harrelson had stated to officers that she rented the house, and that defendant Jones did not have anything to do with it. Jones told officers on this previous occasion that he lived in the house.

On 11 August, 1956, two deputy sheriffs of Lincoln County searched the premises of defendants, one officer on the outside of the house, and

the other the inside. On the outside the officer found six one-half gallon jars of "white liquor" in a wooden trap constructed under a trash pile which defendant Harrelson said she used as a trash pile. This trap was located 69 steps from the Harrelson house. There was a path leading from the house across a main road out to the edge of the woods and to the trash pile. To go from the house to the trash pile, "you would go out the front door; turn right, go through the yard, cross a public road at a path leading beyond the public road to the trash pile." It was 75 feet from the house to the road. The road mentioned runs to the Freedell house which is located a short distance south of the Harrelson house. The Freedell house "could be somewhat closer to the trash pile than the Harrelson house." There is a path leading from the trash pile back to the Freedell house, on south away from the Harrelson house and in the general direction of the Lincolnton by-pass. The path appeared to be frequently used. There was a little path leading from the trash pile back to the dirt road in front of the VFW. The officer did not ascertain whether there were paths leading from the trash pile in the direction of the county road. The land on which the trash pile was situated belonged to the father and mother of the defendant Jones. They lived in the same vicinity. It appeared that a good many cans and a large quantity of trash had been burned on the trash pile under which the trap was concealed. The cover of the trap looked pretty dirty, estimated to have been there 3 or 4 months. On a previous occasion officers had located a trap about 15 or 20 feet from the back porch of the Harrelson house. The officers did not believe that the pieces of wood in the trap found on the previous search were the same as those out of which the trap at the trash pile was made.

On the same occasion, 11 August, 1956, the other officer searching inside the Harrelson house found 38 cans of beer, that is, less than 5 gallons, "stored in a refrigerator." The cans were of the "same type" as found on the outside. Also one and one-half pints of gin were found in the house. There was a tub in the kitchen used as a slop bucket. It had an odor of whiskey or beer. Some jars were in the house "but they had been washed." The officers did not find in the house any clothing for men, though defendant Jones said he had three pairs of pants up there.

Officers observed the Harrelson house three or four times from the VFW, and on occasions through field glasses. But on none of them did they see either defendant go to the trash pile in question. A number of cars containing both white and colored people were seen to go in and out. On the previous Saturday the officers watched it and saw two or three cars come in there. And on several occasions they saw either one or the other of defendants come out to the cars when they came into the yard. The house was a residence and not a store.

Verdict: As to each defendant, guilty.

Judgment: As to defendant Cleo Jones: (1) Putting into effect certain former two-year sentence suspended on conditions stated *inter alia*, "that defendant violate none of the laws of the State of North Carolina for a period of two years,"—the verdict here being held to be violative of the condition there; and (2) on verdict here confinement in common jail of Lincoln County for a period of two years, to be assigned to work, etc., this sentence to run concurrently with the suspended sentence being put into effect.

And as to defendant Gladys Harrelson: Confinement in the Women's Division of the State Prison in Raleigh for a period of six months.

The defendants Cleo Jones and Gladys Harrelson except to the judgments as to each of them and move in arrest of judgment, and appeal to Supreme Court and assign error.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*Harvey A. Jonas, Jr., and C. E. Leatherman for Defendants, Appellants.*

WINBORNE, C. J. The assignments of error, based upon exceptions to denial of motions of defendants for judgment as of nonsuit, appear to be well taken. The evidence offered upon the trial in Superior Court is insufficient to support a verdict of guilty as to either defendant on either count. *S. v. Webb*, 233 N.C. 382, 64 S.E. 2d 268; *S. v. McLamb*, 236 N.C. 287, 72 S.E. 2d 656.

In this State it is unlawful for any person to possess any intoxicating liquor for the purpose of sale. G.S. 18-2. Defendants are charged with violation of this statute. Their pleas of not guilty put in issue every element of the offense charged. *S. v. Webb, supra,* and cases cited. See also *S. v. McLamb, supra.*

(The Attorney-General calls attention to the fact that the contents of the containers is described in evidence merely as "white liquor"). See *S. v. Tillery*, 243 N.C. 706, 92 S.E. 2d 64; *S. v. Wolf*, 230 N.C. 267, 52 S.E. 2d 920.

Possession, within the meaning of the above statute, may be either actual or constructive. *S. v. Lee*, 164 N.C. 533, 80 S.E. 405; *S. v. Meyers*, 190 N.C. 239, 129 S.E. 600; *S. v. Harvey*, 228 N.C. 62, 44 S.E. 2d 472; *S. v. Hendrick*, 232 N.C. 447, 61 S.E. 2d 349; *S. v. Webb, supra; S. v. McLamb, supra.*

In the *Meyers case, supra,* it is stated "If the liquor was within the power of the defendant in such a sense that he could and did command its use, the possession was as complete within the meaning of the statute as if possession had been actual."

In the light of these principles, applied to the evidence in hand, whether liquor found in the trap at the trash pile belonged to either defendant, or was in his or her possession, is purely speculative, and, hence, insufficient to support a verdict of guilty of possession of intoxicating liquor.

Moreover, the possession of a quantity of gin less than one gallon in the home of defendants raises no presumption that it is possessed for the purpose of sale. Hence the possession of the designated quantity of beer and of the gin is not a circumstance sufficient to be considered by the jury in connection with the charge of illegal possession of beer and gin.

G.S. 18-32(4) makes the possession of more than five gallons of malt liquors at any one time *prima facie* evidence that the possession is for the purpose of sale. But the evidence in the instant case is that the quantity of beer found in the refrigerator in the house is less than five gallons. So, no presumption arises thereupon against defendants. And the evidence is too uncertain and speculative to make out a case of possession for the purpose of sale.

Hence this Court holds that the motions for judgment as of nonsuit should have been allowed.

Also the ruling of the court putting into effect the suspended sentence as to defendant Jones, being predicated upon finding that the verdict of guilty in instant case is violative of conditions, is in error. Hence defendant is entitled to have the judgment by which suspended sentence was put into effect reversed and stricken from the record.

In accordance therewith the judgments from which appeal is taken are

Reversed.