## STATE v. ANNIE RAY GLENN.

(Filed 4 November, 1959.)

**1. Criminal Law § 99—**

On motion for judgment as of nonsuit the evidence is to be taken in the light most favorable to the State. G.S. 15-173.

**2. Intoxicating Liquor § 5—**

It is unlawful in this State for any person to possess any intoxicating liquor for the purpose of sale, G.S. 18-2, and possession within the meaning of the statute may be either actual or constructive.

**3. Criminal Law § 24—**

Defendant's plea of not guilty puts in issue every element of the offense charged.

**4. Criminal Law § 101—**

Evidence which merely shows that a criminal offense was committed and that it was possible that defendant committed the offense, but which raises a mere conjecture or speculation of the identity of defendant as the offender, is insufficient to be submitted to the jury.

**5. Intoxicating Liquor § 13c—**

Evidence tending to show merely that non-taxpaid liquor was found buried in the ground on lands adjacent to defendant's residence near a hog pen which defendant was permitted by the owner of the lands to maintain thereon, with further evidence that there were houses around the locus and that the locus was crisscrossed by many paths, is held insufficient to be submitted to the jury on the question of defendant's constructive possession of the liquor.

HIGGINS, J., not sitting.

APPEAL by defendant from *Gambill, J.,* at April 1959 Mixed Term, of DAVIDSON.

Criminal prosecution upon a warrant issued out of and returnable to the Recorder's Court of Thomasville charging substantially that defendant Annie Ray Glenn did, on or about 26 September 1958, at and in Davidson County, unlawfully and willfully violate or know-

ingly aid and abet in the violation of the State liquor laws by the unlawful possession of and transporting of liquors or other intoxicating beverage for the purpose of sale, barter, beverage or other unlawful disposal eight one-half gallon jars of white non-taxpaid whiskey, against the statute in such cases made and provided, etc.

Upon trial in said Recorder's Court the defendant was found guilty. Judgment was imposed that she be confined for a term of two years in Central Prison in Raleigh,—sentence suspended for a period of five years on conditions stated. Defendant appealed to Superior Court of Davidson County. There she pleaded not guilty.

Upon the trial in Superior Court the State offered evidence tending to show substantially the following: On 26 September, 1958, about 4 o'clock P. M., two officers of the police department of Thomasville went to the premises of defendant, Annie Ray Glenn, and made a search of an area away from her premises but joining her lot. She lived just off Doak Street and had resided there around sixteen years. Her premises consisted of the house located on Doak Street and the lot surrounding it.

The officers found a hog pen— with three partitions— and about four feet in front of the pen they found a wash tub sitting near a trough where the hogs were fed. Underneath the tub there was a can that had a lid on it, covered with an inch or two of dirt, and in the can there were eight half-gallon Mason fruit jars of white whiskey. There were no tax stamps affixed to any of it.

Between the house of defendant and the location of the hog pen there is about a ten-foot road that goes between her property and the property where the hog pen is located. It is a public road— an alley— not a street, that goes up to some more colored houses on the hill behind it, two houses in fact, 60 feet from the back of her lot. The hog pen is on land that belongs to the Evans Estate across the said roadway entirely off the premises owned by defendant. It is looked after by Lieutenant Easley who is a member of the police department of Thomasville. One of the officers was told by the owners that defendant had permission to raise her hogs there, and "according to Annie," said one of the officers, "all of the hogs that were in that particular pen belonged to her." No one else had a hog pen within 60 feet of that pen. There are a number of pens located there.

One of the officers testified that "there are several paths through the woods leading to the hog pen onto Mr. Easley's property, and these paths lead on up in the woods away from Annie's house. They lead in about every direction to Annie's house. I wouldn't say that they all go to the hog pen. There is one that comes down off Barnwell

Street, comes by the hog pen to Annie's house and then there is one above the pen that goes back through the woods. Other people live on the other side of the woods and these paths lead to their houses to Barnwell Street and on out onto Doak Street from the hog pen. There are lots of paths * * * ."

Another one of the officers testified that defendant "denied all the time that it was her whiskey."

The State offered other evidence (1) as to prior possession by defendant of a jar of whiskey which broke and spilled on her clothes, for which no charge was made against her, and (2) as to search of her house on day in question finding a jar that smelled of whiskey and an odor of disinfectants in her kitchen.

The case was submitted to the jury upon the evidence offered, and the charge of the court.

Verdict: Guilty.

Judgment: Confinement in the common jail of Davidson County for a period of 18 months and assigned to the prison department — this sentence to begin at the expiration of the sentence imposed in No. 8933. Defendant excepted thereto and appeals to Supreme Court and assigns error.

*Attorney General Seawell, Assistant Attorney General Claude L. Love for the State.*

*Walser & Brinkley for defendant, appellant.*

WINBORNE, C. J.   This appeal challenges the action of the trial court in overruling her motion for judgment as of nonsuit at the close of all the evidence under provisions of G.S. 15-173. When so challenged, the evidence is to be taken in the light most favorable to the State. So considered under applicable principles of law, this Court is of opinion and holds that the evidence shown in the record is not sufficient to support a verdict of guilty of the offense charged. *S. v. Webb,* 233 N.C. 382, 64 S.E. 2d 268; *S. v. McLamb,* 236 N.C. 287, 72 S.E 2d 656; *S. v. Wooten,* 239 N.C. 117, 79 S.E. 2d 254; *S. v. Harrelson,* 245 N. C. 604, 96 S. E. 2d 867.

In the *Wooten* case, *supra,* opinion by *Ervin, J.,* it is said: "The testimony for the State is ample to show that some person violated the statutes relating to the possession of intoxicating liquor. It leaves to mere conjecture, however, the all-important question whether the culprit was the defendant or somebody else. Since the evidence does not indicate that the defendant had either the actual or the constructive possession of the intoxicating liquor found by the officers, the

prosecution should have been involuntarily nonsuited in Superior Court," citing the *Webb* and *McLamb* cases.

In this State it is unlawful for any person to possess any intoxicating liquor for the purpose of sale. G.S. 18-2.

Defendant is charged with violating this statute. Her plea of not guilty puts in issue every element of the offense charged. *S. v. Meyers,* 190 N. C. 239, 129 S. E. 600; *S. v. Harvey,* 228 N. C. 62, 44 S. E. 2d 472; *S. v. Hendrick,* 232 N.C. 447, 61 S.E. 2d 349; *S. v. Webb, supra; S. v. Harrelson, supra.*

Possession, within the meaning of the above statute, may be either actual or constructive. *S. v. Lee,* 164 N.C. 533; 80 S.E. 405; *S. v. Meyers, supra; S v. Penry,* 220 N. C. 248, 17 S. E. 2d 4; *S. v. Webb, supra; S. v. McLamb, supra; S. v. Harrelson, supra.*

In the Meyers case, *supra,* it is stated: "If the liquor was within the power of the defendant in such a case that he could and did command its use, the possession was as complete within the meaning of the statute as if his possession had been actual."

Concededly there is no evidence that defendant had actual possession of the liquor— eight half-gallon jars found buried in the ground as related in statement of case. But the State relies upon circumstantial evidence to support the conviction of defendant on the theory that the circumstances testified to show that defendant had constructive possession of the liquor.

"Evidence which merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it was so, is an insufficient foundation for a verdict and should not be left to a jury," — *Rodman, J.,* in *S. v. Vinson,* 63 N.C. 335; *S. v. Harvey, supra,* and cases cited. See also *S. v. Johnson,* 199 N.C. 429, 154 S.E. 730; *S. v. Boyd,* 223 N.C. 79, 25 S.E. 2d 456; *S. v. Murphy,* 225 N.C. 115, 33 S.E. 2d 588; *S. v. Webb, supra.* These principles of circumstantial evidence and constructive possession are applied in *S. v. McLamb, supra.* See also *S. v. Harrelson, supra.*

In the *Murphy* case, *supra,* defendant was charged with highway robbery, and the evidence showed that others had equal opportunity with defendant for taking the money. It is there held that under such circumstances to find that any particular person took the money is to enter the realm of speculation, and that verdicts so found may not stand.

Just so in the case in hand, to hold that there is sufficient evidence to support a finding that the defendant had constructive possession of the liquor, as charged, is conjecture and speculation. She ought not to be convicted on such evidence Hence the motion of defendant

for judgment of nonsuit should have been allowed. See *S. v. Webb, supra; S. v. McLamb, supra; S. v. Wooten, supra; S. v. Harrelson, supra.*

In the light of these principles, applied to the evidence shown in the record of case on appeal, whether the whiskey in the can buried in the ground about four feet right in front of defendant's hog pen on the lands of the Evans Estate, in charge of a member of the police department of Thomasville, belonged to defendant, or was in her possession, is purely speculative and insufficient to support a verdict of guilty of possession of intoxicating liquor for purpose of sale.

Hence this Court, as above stated, holds that the motion for judgment as of nonsuit should have been allowed.

In accordance therewith the judgment from which appeal is taken is Reversed.

HIGGINS, J., not sitting.