STATE v. OTIS HUNT.

(Filed 20 January, 1961.)

**Intoxicating Liquor § 13c—**

Evidence tending to show that a quantity of liquor was found in defendant's house, but also that defendant had not been home for two days prior to the search, and that defendant's brother-in-law was found on the porch of the house intoxicated at the time of the search, is insufficient to show that defendant had either actual or constructive possession of the liquor, and nonsuit should have been granted.

APPEAL by defendant from *Hall, J.*, August 1960 Regular Criminal Term, ROBESON Superior Court.

This criminal prosecution originated in the recorder's court upon a warrant charging that on July 17, 1960, the defendant "did unlawfully and wilfully have in his possession a certain quantity of non-taxpaid liquor, to-wit, less than one (1) quart." A second count charged the unlawful possession for the purpose of sale. From a conviction and judgment in the recorder's court, the defendant appealed to the superior court where he was tried, convicted by the jury, and sentenced to six months on the roads.

He appealed to this Court, assigning as error the denial of his motions for a directed verdict of not guilty for insufficiency of the proof.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Asst. Attorney General, for the State.*
*Britt, Campbell & Britt, for defendant, appellant.*

PER CURIAM: Two police officers, under the authority of a search warrant, searched the defendant's home on July 17, 1960. Before going to the house they picked the defendant up at a filling station located on the main highway about 100 yards from the house. He accompanied the officers and after some difficulty gained entrance to the house by unhooking a screen door on the back porch. The officers found a small quantity, described as less than a quart, of whisky in a fruit jar on a shelf in the kitchen. Seven or eight glasses were on the table and on the floor. Two or three chairs were turned over. One officer testified: "There was a high odor of nontaxpaid whiskey in the kitchen." Eight or nine half-gallon fruit jars were upside down on the porch. They contained no odor of alcohol, nontaxpaid or otherwise.

When the officers picked up the defendant at the filling station he told them, according to their evidence, admitted without objection, that he had not been at home for two days. There was evidence that he and his wife had some difficulties before he left home. At the time of the search the brother of defendant's wife was on the front porch, "passed out drunk." The defendant testified he knew nothing about the liquor and had nothing to do with it. His wife and her brother testified they bought the liquor after the defendant left home; that he had not returned and that he knew nothing of, and had nothing to do with, the liquor.

The defendant's evidence is not in conflict with any evidence presented by the State. Evidence is lacking to show that the defendant and the liquor were in the house together until he entered with the officers. Neither actual nor constructive possession is shown. The court should have granted the motion to dismiss. The verdict and judgment are set aside. The defendant will be released and his bond discharged.

Reversed.