## STATE v. MACK B. THOMPSON.

(Filed 28 March, 1962.)

**1. Criminal Law § 159—**

   Exceptions not brought forward and discussed in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Criminal Law § 99—**

   On motion to nonsuit, the evidence must be taken in the light most favorable to the State and it is entitled to the benefit of every reasonable intendment thereon and every reasonable inference therefrom.

**3. Intoxicating Liquor § 13c—**

   Evidence tending to show that 21 pints of whiskey were found on premises owned and operated by defendant as a supper club and that the whiskey was found on the floor of the kitchen near the refrigerator, with circumstantial evidence raising the inference that whiskey was being sold to patrons of the club, *is held* sufficient to be submitted to the jury on the question of defendant's constructive possession of the whiskey for the purpose of sale. G.S. 18-32.

**4. Criminal Law § 101—**

   If there is substantive evidence of each essential element of the offense charged, defendant's motion to nonsuit is correctly denied regardless of whether the State's evidence is direct or circumstantial, or both, and whether circumstantial evidence excludes every reasonable hypothesis of innocence is a question for the jury.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Clark, J.,* March Criminal Term 1961 of ALAMANCE, docketed and argued as No. 721 at Fall Term 1961.

Criminal prosecution on warrant charging that defendant, on December 17, 1960, unlawfully and wilfully "did have and keep in his possession illegal intoxicating liquors, to wit: 21 pints tax paid whiskey for the purpose of sale, located in the Orange Bowl Supper Club, Mebane, N. C., contrary to the form of the statute . . ."

Upon trial *de novo* in the Superior Court (on appeal by defendant from conviction and judgment in the General County Court of Alamance County), the only evidence was that offered by the State. It consists of the testimony of John Crabtree and Wade Montgomery, each a Deputy Sheriff of Alamance County, and tends to show the facts stated below.

On December 17, 1960, and prior thereto, defendant was the owner of premises on which he operated a place of business known as the Orange Bowl Supper Club. The business was conducted in "a long building," in which there was a dance hall, tables, a piccolo, a stage, dressing rooms, and a kitchen. There was "a bar type structure in

the dance floor," with a counter approximately twenty to thirty feet long. A door behind the counter "leads in the kitchen." The kitchen had a window "about four or five feet wide where they put orders through."

On the night of December 17, 1960, the officers, under authority of a warrant therefor, searched the said premises. In brown paper bags, sitting on the floor of the kitchen near the refrigerator, there were twenty-one full (sealed) pints of different kinds of tax-paid whiskey. In a five-gallon bucket (used as a trash can) under the end of the kitchen table, there were five or more empty whiskey bottles, "with the odor of whiskey in them," and a number of small paper cups. Numerous "whiskey cups, about 3-oz. paper cups," were "at the end of the table," and "five empty bottles and cups (were) out under the counter."

When the search was made, "there was one man at the counter and there were some musicians on the stage and several people were back at the door." Defendant was not on the premises when the search was made. Later, he stated "he had gone to get his cook."

Deputy Sheriff Montgomery testified: "He (defendant) came up twice while his case was pending in County Court and wanted to know if it would be satisfactory with us if he would plead guilty to illegal possession and we said that was up to the Court whether they would accept it or not."

The jury found the defendant "Guilty as charged in the warrant," and judgment was pronounced as appears in the record. Defendant excepted and appealed.

*Attorney General Bruton and Assistant Attorney General Rountree for the State.*

*Walter D. Barrett, M. Hugh Thompson and William A. Marsh, Jr., for defendant appellant.*

Bobbitt, J. The only assignment of error brought forward and discussed in defendant's brief is based on his exception to the overruling of his motion for judgment as in case of nonsuit. Hence, all other assignments of error are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 783, *810.*

The only question presented by a motion under G.S. 15-173 for judgment as in case of nonsuit is whether the evidence is sufficient to require submission to the jury. *S. v. Green,* 251 N.C. 40, 110 S.E. 2d 609. In passing on such motion, "the evidence is to be considered in the light most favorable to the State, and the State is entitled to the benefit of every reasonable intendment thereon and every reasonable

inference to be drawn therefrom." *S. v. Corl,* 250 N.C. 252, 108 S.E. 2d 608.

Clearly, if the twenty-one pints of whiskey were in the actual or constructive possession of defendant, there was ample evidence to support the verdict. G.S. 18-32; *S. v. Rogers,* 252 N.C. 499, 114 S.E. 2d 355, and cases cited.

Defendant contends the evidence is insufficient to support a finding that the twenty-one pints of whiskey were in defendant's constructive possession.

As to what constitutes constructive possession, *Varser, J.,* in *S. v. Meyers,* 190 N.C. 239, 129 S.E. 600, said: "If the liquor was within the power of the defendant, in such a sense that he could and did command its use, the possession was as complete within the meaning of the statute as if his possession had been actual." This statement has been quoted with approval in later cases, *e.g., S. v. Harrelson,* 245 N.C. 604, 606, 96 S.E. 2d 867. It is stated in *S. v. Taylor,* 250 N.C. 363, 366, 108 S.E. 2d 629: ". . . if nontaxpaid whiskey is on a person's premises with his knowledge *and consent,* he has constructive possession thereof while it remains on premises under his exclusive control."

Even so, defendant contends the circumstantial evidence upon which the State relies is insufficient to show defendant had constructive possession of the twenty-one pints of whiskey in that the facts shown are not inconsistent with defendant's innocence.

In *S. v. Stephens,* 244 N.C. 380, 383, 93 S.E. 2d 431, this Court, in opinion by *Higgins, J.,* said: "We are advertent to the intimation in some of the decisions involving circumstantial evidence that to withstand a motion for nonsuit the circumstances must be inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt. We think the correct rule is given in *S. v. Simmons,* 240 N.C. 780, 83 S.E. 2d 904, quoting from *S. v. Johnson,* 199 N.C. 429, 154 S.E. 730: 'If there be any evidence tending to prove the fact in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury.' The above is another way of saying there must be substantial evidence of all material elements of the offense to withstand the motion to dismiss. It is immaterial whether the substantial evidence is circumstantial or direct, or both. To hold that the court must grant a motion to dismiss unless, in the opinion of the court, the evidence excludes every reasonable hypothesis of innocence would in effect constitute the presiding judge the trier of the facts. Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict.

What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury."

Under the rule stated in *S. v. Stephens, supra,* and approved in later decisions, this Court is of opinion, and so decides, that there was substantial and therefore sufficient evidence to support a finding that the twenty-one pints of whiskey were in the constructive possession of defendant and to support a verdict of guilty. Hence, defendant's motion for judgment as in case of nonsuit was properly overruled.

In *S. v. Hunt,* 253 N.C. 811, 117 S.E. 2d 752, cited by defendant, decision was based on a materially different factual situation.

No error.

SHARP, J., took no part in the consideration or decision of this case.