STATE OF NORTH CAROLINA v. THOMAS OSBORNE
— AND —
STATE OF NORTH CAROLINA v. DANIEL LOWERY, JR.

No. 7126SC724

(Filed 12 January 1972)

**1. Robbery § 4— armed robbery — sufficiency of evidence**

The State's evidence was sufficient to go to the jury against both defendants in this armed robbery prosecution where it tended to show that one defendant pulled a knife on the victim, that the second defendant put his hand in his own pocket and threatened to get his gun, and that the second defendant reached in the victim's pocket and removed 90 cents in change.

**2. Robbery § 1— common law robbery defined**

Robbery at common law is the felonious taking of money or goods of another, or in his presence, against his will, by violence or putting him in fear.

**3. Robbery § 1— use of firearms in robbery — punishment — G.S. 14-87**

G.S. 14-87 creates no new offense but provides for a more severe punishment when firearms or other dangerous weapons are used in the commission of a robbery.

**4. Robbery § 1— use of dangerous weapon — difference between common law and armed robbery**

Where a weapon which is dangerous within the meaning of G.S. 14-87 is used in a robbery, the only difference between common law robbery and armed robbery as provided by G.S. 14-87 is whether the life of the victim is endangered or threatened.

**5. Robbery § 5— instructions — failure to distinguish between armed and common law robbery**

Defendants in an armed robbery prosecution are entitled to a new trial for failure of the trial court in its instructions to make a sufficient distinction between the offenses of robbery with a dangerous weapon and common law robbery.

APPEAL by defendants from *McLean, Judge,* 24 May 1971 Session of MECKLENBURG Superior Court.

Defendants were tried on separate bills of indictment for the armed robbery of Herbert Junior Alexander (Alexander). The cases were consolidated for trial.

The State's evidence tended to show: On 2 April 1971 between 5:00 p.m. and 5:30 p.m., the prosecuting witness, Alexander, was unloading his truck at Puckett's Super Market in Charlotte. One of the defendants came by, picked up some empty

racks that Alexander was to carry away and dropped them. The defendants then restacked the racks, Alexander thanked them, but Lowery told him, "We can't live on 'thank you.' That will cost you a yard." (A yard is slang term for $1.00.) Alexander then stated that he did not have $1.00, but only some change with which to eat. He turned around and heard something pop. Lowery, standing about three feet from him, had a knife in his right hand with the blade open. Osborne was standing to Lowery's right with his hand in his pocket and stated, "Let me get my gun." Alexander stated he was in fear of his life when he saw the knife. Lowery then put his hand in Alexander's pocket and got about 90 cents in change. The knife was still visible. Defendants stood there and counted the money. They took the money against the will and without the consent of Alexander.

Defendants offered evidence tending to show: Alexander promised to pay them $1.00 for helping him with the merchandise and he only gave them 90 cents, stating that was all the money he had. An argument ensued and they cursed Alexander and he cursed them. Both defendants denied robbing the prosecuting witness.

Defendants were found guilty of armed robbery as charged, a violation of G.S. 14-87, and each was sentenced to prison for 25 years. From judgment imposing said sentences, defendants appealed.

*Attorney General Robert Morgan by Assistant Attorney General Claude W. Harris for the State.*

*W. J. Chandler, Jr., for the defendant appellants.*

BRITT, Judge.

Defendants assign as error the denial of their motions to dismiss at the close of all the evidence. In *State v. Cutler,* 271 N.C. 379, 382, 156 S.E. 2d 679, 681 (1967), the court held:

Upon a motion for judgment as of nonsuit in a criminal action, the evidence must be considered by the court in the light most favorable to the State, all contradictions and discrepancies therein must be resolved in its favor and it must be given the benefit of every reasonable inference to be drawn from the evidence. *State v. Bruton,* 264 N.C. 488, 142 S.E. 2d 169; *State v. Thompson,* 256 N.C. 593, 124 S.E.

2d 728; *State v. Bass,* 255 N.C. 42, 120 S.E. 2d 580. All of the evidence actually admitted, whether competent or incompetent, including that offered by the defendant, if any, which is favorable to the State, must be taken into account and so considered by the court in ruling upon the motion. *State v. Walker,* 266 N.C. 269, 145 S.E. 2d 833; *State v. Virgil,* 263 N.C. 73, 138 S.E. 2d 777.

[1] The evidence presented in this case when considered in that light indicates that defendants were acting in concert; that Lowery, while standing three feet from Alexander with Osborne at his side, pulled a knife; that Osborne put his hand in his own pocket and threatened to get his gun; that Lowery reached in Alexander's pocket and removed 90 cents in change; and that the prosecuting witness was in fear for his life. We hold that there was sufficient evidence to withstand the motion for non-suit and the assignment of error is without merit.

Defendants assign as error that portion of the jury charge in which the court instructed as to common law robbery. Defendants contend that in its instructions the court made no proper distinction between the statutory offense of robbery with a dangerous weapon (G.S. 14-87) and common law robbery; that since the instructions on the two offenses were almost the same, the jury was confused and possibly returned a verdict of guilty as charged rather than common law robbery as they could make no distinction in the offenses.

[2, 3] Robbery at common law is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear. *State v. Lawrence,* 262 N.C. 162, 163, 136 S.E. 2d 595, 597 (1964). G.S. 14-87 creates no new offense; it does not add to or substract from the common law offense of robbery except to provide that when firearms or other dangerous weapons are used in the commission of the offense as set forth in the statute, more severe punishment may be imposed. *State v. Smith,* 268 N.C. 167, 150 S.E. 2d 194 (1966).

[4, 5] In reality, where a weapon which is dangerous within the meaning of G.S. 14-87 is used in a robbery, the only difference between common law robbery and armed robbery as provided by G.S. 14-87 is whether the life of the person robbed is endangered or threatened by the weapon. While the distinction

is small, the difference in punishment can be considerable. A careful review of the instructions in the case at bar impels us to conclude that under the facts presented in this case the able trial judge did not make a sufficient distinction between armed robbery and common law robbery. For that reason, defendants are entitled to a new trial.

Although the sufficiency of the bill of indictment against defendant Osborne has not been challenged, and we do not pass upon the question, prior to a retrial of the cases the solicitor might be well advised to give the bill his careful consideration.

New trial.

Judges BROCK and VAUGHN concur.